SEND/JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-05624 MMM (VBKx) | Date | August 12, 2013 |

| | |
|---|---|
| Title | H.O.D. Properties, LLC v. Petros Sarkisyan, et al. |

Present: The Honorable   MARGARET M. MORROW

| R. Neal for ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Case to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Plaintiff H.O.D. Properties, LLC ("H.O.D.") filed this unlawful detainer action in Los Angeles Superior Court against Petros Sarkisyan, Erik Sarkisyan, and certain fictitious defendants on July 22, 2013.[1] Meri Astvatsatryan later intervened as a defendant under California Code of Civil Procedure § 415.46.[2] Defendants are allegedly holdover occupants in possession of real property located in Granada Hills, California ("the property").[3] H.O.D. acquired ownership of and title to the property at a duly noticed trustee sale, and has allegedly perfected its title pursuant to California Civil Code §§ 2924 *et seq*.[4]

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Apr. 4, 2014), Exh. A (Complaint for Unlawful Detainer ("Complaint").)

[2] Removal, ¶ 2.

[3] Complaint, ¶¶ 4, 8.

[4] *Id*., ¶ 6.

On March 25, 2013, H.O.D. served a written notice to quit and deliver up possession of the property on defendants pursuant to California Code of Civil Procedure § 1161(a).[5] Despite this fact, it alleges that defendants have failed to vacate or deliver possession of the property.[6]

H.O.D. seeks restitution and possession of the property, holdover damages of $75.57 per day from March 8, 2013 to the date judgment is entered, reasonable attorneys' fees, and costs of suit.[7]

Defendants filed a notice of removal on August 5, 2013, invoking the court's federal question jurisdiction.[8]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For the reasons discussed below, the court lacks subject matter jurisdiction and must remand the action to Los Angeles Superior Court.

---

[5] *Id.*, ¶ 9.

[6] *Id.*, ¶ 11.

[7] *Id.* at 4 (Prayer).

[8] Removal, ¶ 4.

### B.     Federal Question Jurisdiction

#### 1.     Legal Standard Governing Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); see also *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a plaintiff could assert claims under both federal and state law, therefore, it can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by

the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of H.O.D.'s complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendants assert that the court has federal question jurisdiction because they are entitled to protection under the Protecting Tenants at Foreclosure Act of 2009.[9] A federal defense, however, does not confer jurisdiction on the court to hear the case. *Lapeen*, 2011 WL 2194117, at *1-2 ("[T]he [Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action. . . . [A]n anticipated federal defense is not sufficient to confer jurisdiction"). Because H.O.D.'s complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.[10]

### C. Diversity Jurisdiction

---

[9] *Id.*, ¶ 5(a).

[10] In their notice of removal, defendants cite the pending appeal in *Logan v. U.S. Bank*, Ninth Circuit Case No. 10-55671 (July 16, 2013), and state that the appellate court "is expected to confirm that the [Protecting Tenants at Foreclosure Act]" creates a private right of action. (Notice of Removal, ¶ 4.) The Ninth Circuit's opinion, filed July 16, 2013, concluded that the Protecting Tenants at Foreclosure Act does *not* create a private cause of action. (*Logan* slip op. at 4.) Even if the Ninth Circuit had held that the Protecting Tenants at Foreclosure Act created a private cause of action, however, in the context of this case it would still be either a federal defense or a counterclaim, neither of which provides a basis for removal. *Logan*, therefore, does not assist defendants.

### 1.     Legal Standard Governing Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

### 2.     Whether Diversity Jurisdiction Exists

Defendants do not assert that the court has diversity jurisdiction to hear this case. As neither party pleads the citizenship of the members of H.O.D., the court cannot determine whether complete diversity of citizenship exists. Defendants, however, are California residents.[11] "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This case was filed in Los Angeles Superior Court.[12] If defendants are citizens of California – as seems likely – removal based on diversity jurisdiction would be improper.

Moreover, H.O.D. seeks damages of $75.57 per day from March 8, 2013 to the date of judgment.[13] This sum almost certainly falls below the $75,000 amount in controversy threshold required for diversity jurisdiction. Given that unlawful detainer is a summary proceeding, it is highly

---

[11] Complaint, ¶¶ 2-3. Neither party alleges the citizenship of any of the defendants.

[12] *Id.* at 1.

[13] Complaint at 4 (Prayer). In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action[s] remain[ ] the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").

unlikely that a judgment would be rendered on or after November 26, 2015, the date on which holdover damages would exceed $75,000. Moreover, plaintiff filed the action as a limited civil action, in which damages are explicitly limited to $10,000.[14] Because plaintiff has placed in controversy an amount below the jurisdictional minimum, the court cannot exercise diversity jurisdiction in this case.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, defendants have failed to carry their burden of showing that the court has subject matter jurisdiction to hear this action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

---

[14] *Id*. at 1.